Vito A. Costanzo (SBN132754)
Franco J. Tenerelli (SBN248437)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
vito.costanzo@hklaw.com
franco.tenerelli@hklaw.com

Joshua C. Krumholz (*Pro Hac Vice* pending)
Maximillian J. Bodoin (*Pro Hac Vice* pending)
Courtney L. Batliner (*Pro Hac Vice* pending)
HOLLAND & KNIGHT LLP
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
joshua.krumholz@hklaw.com
max.bodoin@hklaw.com
courtney.batliner@hklaw.com

Attorneys for Plaintiff HASBRO, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASBRO, INC. <br><br> Plaintiff, <br><br> vs. <br><br> ASUS COMPUTER INTERNATIONAL, INC., a California Corporation; and ASUSTEK COMPUTER, INC., a Taiwan corporation, <br><br> Defendants. | CASE NO. CV11-10437 PSG (Ex) <br><br> **Complaint for:** <br><br> 1. Trademark Infringement <br> 2. Unfair Competition under the Lanham Act <br> 3. Trademark Dilution <br> 4. Violation of the Cal. Business & Professions Code <br> 5. Declaratory Judgment <br><br> **DEMAND FOR JURY TRIAL** |

HASBRO, INC.'S COMPLAINT

# COMPLAINT

The plaintiff, Hasbro, Inc. ("Hasbro"), brings this action against the defendants, Asus Computer International, Inc. ("Asus Computer") and ASUSTeK Computer ("ASUSTeK") (collectively, "Asus"), for trademark infringement, unfair competition under the Lanham Act, trademark dilution, violations of the California Business and Professions Code and declaratory relief.

## THE PARTIES

1. Hasbro is a Rhode Island corporation with a principal place of business at 1027 Newport Avenue, Pawtucket, Rhode Island 08862.

2. Upon information and belief, Asus Computer is a California corporation, with its principal place of business at 800 Corporate Way, Fremont, California 94539.

3. Upon information and belief, ASUSTeK is a Taiwanese corporation, with its principal place of business at No. 15, Li-Te Rd., Peitou District, Taipei 112, Taiwan.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court also has jurisdiction over Hasbro's pendent and common law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Asus because, upon information and belief, each of the defendants transacts business in the Central District of California and in this judicial division of that District. Further, on information and belief, Asus directs business activities towards California through advertisements, promotions and sales including, but not limited to, targeting Los Angeles County.

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Hasbro's claims occurred in this District.

## FACTUAL ALLEGATIONS

**TRANSFORMERS Gains Iconic Status**

7. Hasbro is a leader in the toy and entertainment industry. It first introduced the TRANSFORMERS property in 1984, with a line of toy robots that converted into other forms, a companion animated television series and a companion comic book series.

8. The TRANSFORMERS property met with rapid and enormous success when it was first introduced, and the underlying story and characters are now familiar to multiple generations of fans across the United States and around the world. Premised on the struggle between good and evil, the story plays out conflict between two groups of TRANSFORMERS property: the AUTOBOTS characters, led by the virtuous OPTIMUS PRIME character, and the DECEPTICONS characters, led by the menacing MEGATRON character.

9. The TRANSFORMERS property has had a constant presence in the United States market since it was first introduced in 1984.

10. The fame and awareness of the TRANSFORMERS brand reached an even higher level in 2007, when the first TRANSFORMERS full-length action movie was released. The movie was so successful, both in the United States and internationally, that it led to two more major TRANFORMERS movies in 2009 and 2011. The three movies, produced by Paramount Pictures, generated ticket sales of over $2 billion. The third movie, *Transformers: Dark of the Moon*, was the fourth-largest grossing movie of all time.

11. As a result of its phenomenal success, the TRANSFORMERS brand has found recognition in many facets of the country's popular culture. Imagery from the TRANSFORMERS property has been used in hundreds of mainstream

media outlets, including other television shows and political satire videos. Among many examples, Yahoo! Sports conducted a survey comparing NFL players to TRANSFORMERS characters, the New York Times crowned the OPTIMUS PRIME character as the "toughest robot in the nerd universe," and videos satiring two different U.S. Presidents used TRANSFORMERS imagery.

12. Also as a result of the brand's success, the TRANSFORMERS marks have been used in an authorized manner on thousands of products and services. Authorized TRANSFORMERS merchandise have ranged from TRANSFORMERS Camaros to LG smart-phones. Computer-related products that are sold under the authorized TRANSFORMERS brand include an educational laptop, USB storage devices, computer mouses and skins for laptops, among other computer-related products.

13. Hasbro owns numerous federal trademark registrations incorporating the TRANSFORMERS mark. It owns two registrations in the lone word mark TRANSFORMERS; a third is currently under application, and has received a notice of allowance from the U.S. Patent and Trademark Office ("USPTO").

**Hasbro Develops TRANSFORMERS PRIME Series**

14. Following the tremendous success of the TRANSFORMERS movies, Hasbro created a television series focused on the well-known leader of the AUTOBOTS characters, the OPTIMUS PRIME character. Entitled TRANSFORMERS PRIME, the series first aired in November 2010.

15. Since then, the TRANSFORMERS PRIME series has been nominated for eight Emmy awards, winning two. Having achieved great domestic success, the TRANSFORMERS PRIME series will soon appear in numerous countries around the world.

16. Hasbro's TRANSFORMERS PRIME mark is currently under application for federal registration. The mark has received a notice of allowance

from the USPTO, so all that remains for Hasbro to obtain its registration is to file a Statement of Use.

17. Hasbro and its business partners have invested millions of dollars in promoting and protecting Hasbro's TRANSFORMERS property, and that property has returned billions of dollars in revenue to Hasbro and those business partners.

**Asus' Wrongful Use of the TRANSFORMERS Mark**

18. ASUSTeK is a Taiwanese company and the parent of Asus Computer. Together, Asus is a major supplier of laptops and other computer-related products into the United States.

19. Asus recently began selling a laptop called the *Eee* Pad Transformer or – as it is called on the Asus website and elsewhere in the marketplace – simply the "Transformer."

20. Upon learning that Asus planned to release the "Transformer," Hasbro wrote to Asus expressing concern that consumers would be confused, and demanding that Asus cease using "Transformer" in the name of its forthcoming product.

21. Asus refused to comply, and went on to release the "Transformer" laptop.

**Asus' Wrongful Use of the TRANSFORMERS PRIME Mark**

22. Recently, Asus announced that it is bringing to market a second generation "Transformer" laptop. It also has announced its decision to call its second generation product the "Transformer Prime," virtually the exact name of the television series that Hasbro launched in 2010.

23. Upon information and belief, the "Transformer Prime" is scheduled for release in the United States and abroad shortly. It is already the subject of a significant marketing campaign.

24. Asus advertises the "Transformer Prime" with imagery that closely resembles the imagery used in TRANSFORMERS movies and video games, in

particular evoking the TRANSFORMERS' home planet of CYBERTRON. At least one product reviewer already has noted the connection, stating that, "[i]f you're curious what a Decepticon tablet factory on Cybertron looks like, you can catch a glimpse of one as well as the Transformer Prime in Asus' promo video."

25. By willfully trading on the worldwide recognition of Hasbro's marks, Asus threatens to undermine the decades of time and millions of dollars that Hasbro and its partners have invested in developing and protecting the TRANSFORMERS brand.

## COUNT I
### Trademark Infringement: 15 U.S.C. § 1114 (Lanham Act § 32)

26. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

27. Hasbro owns the TRANSFORMERS trademark, which is a federally registered, valid, distinctive and protectable trademark. Hasbro has priority of use over the TRANSFORMERS mark as to each of the defendants.

28. Each defendant has, willfully and consciously, committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the TRANSFORMERS mark, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake or deception as to whether one or both defendants have a connection with Hasbro, or as to the origin, sponsorship or approval of one or both of the defendants' goods.

29. Each defendant's acts of infringement have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

30. As a direct and proximate consequence of the infringement complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts of infringement.

## COUNT II

### Unfair Competition: 15 U.S.C. § 1125(a) (Lanham Act § 43(a))

31. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

32. Hasbro owns the TRANSFORMERS and TRANSFORMERS PRIME trademarks, which are each valid, distinctive and protectable trademarks. Hasbro has priority of use over each of these marks as to each of the defendants.

33. Each defendant has, willfully and consciously, committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the TRANSFORMERS and TRANSFORMERS PRIME marks, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake or deception as to whether one or both defendants have a connection with Hasbro, or as to the origin, sponsorship or approval of one or both of the defendants' goods.

34. Each defendant's acts of infringement have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

35. As a direct and proximate consequence of the infringement complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts of infringement.

## COUNT III

### Trademark Dilution: 15 U.S.C. § 1125(c)

36. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

37. Hasbro owns the TRANSFORMERS trademark, which is a famous and distinctive mark.

38. After Hasbro's TRANSFORMERS mark became famous, each of the defendants began using the mark, or one or more similar marks, in commerce as a trademark, in a way that is likely to dilute the famous TRANSFORMERS mark by blurring.

39. Each defendant has engaged in these dilutive activities willfully and consciously.

40. Each defendant's dilutive activities have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

41. As a direct and proximate consequence of the dilution complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts that are likely to cause dilution.

## COUNT IV

**Trademark Infringement: Cal. Business & Professions Code §14200, *et seq.***

42. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

43. Hasbro owns the TRANSFORMERS and TRANSFORMERS PRIME trademarks, which are each valid, distinctive and protectable trademarks. Hasbro has priority of use over each of these marks as to each of the defendants.

44. Each defendant has, willfully and consciously, committed trademark infringement by using in commerce one or more marks that are confusingly similar to the TRANSFORMERS and TRANSFORMERS PRIME marks, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake or deception as to whether one or both defendants have a connection with Hasbro, or as to the origin, sponsorship or approval of one or both of the defendants' goods.

45. Each defendant's acts of infringement have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

46. As a direct and proximate consequence of the infringement complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts of infringement.

## COUNT V

**Trademark Dilution: Cal. Business & Professions Code §14247, *et seq.***

47. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

48. Hasbro owns the TRANSFORMERS trademark, which is a famous and distinctive mark.

49. After Hasbro's TRANSFORMERS trademark became famous, each of the defendants began using the mark, or one or more similar marks, in commerce as a trademark, in a way that is likely to dilute the famous TRANSFORMERS mark by blurring.

50. Each defendant has engaged in these dilutive activities willfully and consciously.

51. Each defendant's dilutive activities have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

52. As a direct and proximate consequence of the dilution complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts that are likely to cause dilution.

## COUNT VI

**Unfair Competition: Cal. Business & Professions Code §17200, §17500, *et seq.***

53. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

54. Each of the defendants' acts of trademark infringement and dilution, as described herein, harms Hasbro and constitutes unlawful, unfair or fraudulent business acts or practices, unfair, deceptive, untrue or misleading advertising, and/or false advertising within the meaning of Division 7, Part 3, Chapter 1 of the California Business and Professions Code.

55. In advertising its goods, each of the defendants has misrepresented the character of its business by suggesting a connection with the source of goods that bear the TRANSFORMERS and/or TRANSFORMERS PRIME marks.

56. Each defendant has engaged in these activities willfully and consciously.

57. Each defendant's activities have caused and will continue to cause damage to Hasbro, in an amount to be determined at trial.

58. As a direct and proximate consequence of the activities complained of herein, Hasbro has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts that are likely to cause dilution.

## COUNT VII

**Declaratory Judgment**

59. Hasbro restates and realleges Paragraphs 1 through 25 as if set forth fully herein.

60. An actual controversy has arisen and now exists between Hasbro and each defendant regarding each defendant's unauthorized advertising, marketing,

promotion, distribution and sale of products bearing the "Transformer" and/or "Transformer Prime" marks.

61. The dispute between the parties includes, without limitation, whether the defendants have violated §§ 1114(1), 1125(1) and/or 1125(c) of Title 15 of the United States Code, and §§ 14200 *et seq.*, 142470 *et seq.*, 17200 *et seq.*, and/or 17500 *et seq.* of the California Business and Professions Code, or have otherwise engaged in unfair competition.

### PRAYERS FOR RELIEF

WHEREFORE, Hasbro respectfully prays that this Court:

a. Declare and enter judgment that each defendant has committed trademark infringement and trademark dilution under the laws of the United States and those of the State of California, has committed unfair competition under the Lanham Act, and has committed unfair competition and false advertising under the California Business and Professions Code, by using "Transformer" and "Transformer Prime," without Hasbro's authorization, in connection with the advertising, marketing, distribution and sale of goods;

b. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from infringing, in any manner, Hasbro's trademarks, including, without limitation, the marks TRANSFORMERS (Registration Nos. 2455261, 3689720, 3468487, and Serial No. 76690677 ) and TRANSFORMERS PRIME (Serial No. 85008156) (collectively, the "TRANSFORMERS Marks)";

c. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from diluting, in any manner, the TRANSFORMERS mark;

d. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or

participation with them, from using any word or words which are likely to cause confusion with the TRANSFORMERS or TRANSFORMERS PRIME marks, including the "Eee Pad Transformer" or "Transformer," or the "Eee Pad Transformer Prime" or "Transformer Prime," as a trademark, service mark, product name or trade name;

e. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from using, marketing, promoting, advertising, producing, distributing, selling or importing any product that uses the TRANSFORMERS or TRANSFORMERS PRIME marks or the words "Eee Pad Transformer," "Transformer," "Eee Pad Transformer Prime," or "Transformer Prime," or any other mark that is likely to cause confusion with Hasbro's TRANSFORMERS or TRANSFORMERS PRIME marks, as a trademark, service mark, product name or trade name;

f. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from using any designation of origin or false description which can, or is likely to, lead the public or individual members thereof to believe that the defendants' products refer to or are associated with, sponsored by, affiliated with, or otherwise related to Hasbro's toy and entertainment properties, and associated products and services;

g. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from using any mark, domain name, corporate name or trade name that is likely to cause confusion as to the source of the defendant's products, or as to the sponsorship by or affiliation with Hasbro or its associated products and services;

      h. Preliminarily and permanently enjoin each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from directly or indirectly publishing on the internet, radio or television, or from printing, distributing, or causing to be printed or distributed, any web pages, printable information, catalogs, labels, packaging, flyers, advertisements or marketing materials that use the terms "Transformer" or "Transformer Prime," or any other mark, domain name, corporate name or trade name that is likely to deceive or to cause confusion or mistake as to the source of the defendant's products, or as to the sponsorship by or affiliation with Hasbro or its associated products;

      i. Preliminarily and permanently require each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, to remove from any website or domain name owned or operated by the defendants or within the defendants' control, and request the removal at all third-party sites, all advertisements using imagery that may confuse consumers into believing that the defendants' products are associated in any way with the TRANSFORMERS or TRANSFORMERS PRIME marks, including the advertisements identified by Hasbro in its motion papers;

      j. Preliminarily and permanently require each defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, to remove from any website or domain name owned or operated by the defendants or within the defendants' control, and request the removal at all third-party sites, to the extent they are displaying or advertising the defendants' products, all text, graphics or images reflecting the defendants' use of the terms "Transformer" or "Transformer Prime" as a trademark, service mark, product name or trade name, and any other text, graphics or images that are likely to cause confusion with the TRANSFORMERS or TRANSFORMERS PRIME marks;

k. Order each defendant to inform all third parties that they must cease all sales of the defendant's products bearing the name or mark "Transformer" or "Transformer Prime," and remove all product bearing the "Transformer" or "Transformer Prime" name or mark from the stream of commerce in the United States, including all product in the possession of third parties.

l. Order each defendant to file with the Court and serve upon Hasbro, within thirty (30) days after the entry and service of an injunction, a written report attested to under penalty of perjury, setting forth in detail the manner and form in which each defendant has complied with the injunction(s);

m. Order each defendant to account for and pay over to Hasbro all gains, profits, enrichments and advantages derived from each defendant's wrongful actions described herein, pursuant to 15 U.S.C. § 1117(a)(1) and any other applicable statute;

n. Award Hasbro its actual and consequential damages in an amount necessary to compensate it for the damages caused by each of the defendants, pursuant to 15 U.S.C. § 1117(a)(2) and any other applicable statute;

o. Award Hasbro its reasonable costs and attorneys' fees associated with this action pursuant to 15 U.S.C. § 1117(a)(3) and any other applicable statute;

p. Award Hasbro treble damages with pre- and post-judgment interest pursuant to 15 U.S.C. § 1117(b) and any other applicable statute;

q. Award Hasbro the cost of corrective advertising necessary to counteract the impact of each defendant's wrongful conduct on the consuming public;

r. Award Hasbro statutory damages to the full extent allowed by federal and California law;

s. Award Hasbro punitive damages as applicable and available; and

t. Award such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| DATED: December 16, 2011 | Respectfully submitted, |
| | HOLLAND & KNIGHT LLP |
| | By _____<br>Vito A. Costanzo<br>Attorneys for Plaintiff Hasbro, Inc. |

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hasbro respectfully demands a trial by jury on all issues so triable.

| | |
|---|---|
| DATED: December 16, 2011 | Respectfully submitted, |
| | HOLLAND & KNIGHT LLP |
| | By _____<br>Vito A. Costanzo<br>Attorneys for Plaintiff Hasbro, Inc. |

#10788339_v4

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Hasbro, Inc.

**DEFENDANTS**

Asus Computer International, Inc.;
ASUSTeK Computer, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

HOLLAND & KNIGHT LLP,
400 South Hope Street, 8th Floor
Los Angeles, CA 90071   Tel: 213-896-2400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement (15 U.S.C. 1125(a)); Trademark dilution (15 U.S.C. 1125 (c))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: CV11-10437

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alameda County, CA; Taiwan |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | (Nation-wide) |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_____   Date _12-16-11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

### CV11- 10437 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY